## DAWSON *v.* POSTON and others.

*(Circuit Court, W. D. Tennessee.* September 18, 1886.)

DEPOSITION—EFFECT OF PARTY OR COUNSEL WRITING ANSWERS.

While it is, perhaps, not a ground to entirely suppress a deposition that the party or counsel taking it has written the answers for adoption by the witness it so discredits the evidence that it is not entitled to much weight; and this is so, although the deposition is not used, but another is taken without that objection.

The questions and answers to a deposition were written out by the party to the suit, who was also a witness to the same facts, and the deponent adopted the answers as his own; but subsequently he was re-examined in the usual way, testifying substantially to the same facts. On cross-examination the first deposition was exhibited, and the method of preparing it proved. So much of the opinion as relates to that point is given; the other portions not being reported because determining only a matter of fact.

*Randolph & Heath*, for plaintiff.

*Poston & Poston* and *Metcalf & Walker*, for defendants.

HAMMOND, J. * * * If the deposition so prepared were the one offered in evidence, I should find no difficulty in almost entirely excluding it. Perhaps it may not be a ground for the suppression of the deposition or exclusion of the evidence, but certainly it is so much of a discrediting circumstance that the testimony is entitled to but little weight. In *Re Eldridge*, 82 N. Y. 161, it was held a contempt of court to so prepare a deposition, and the court clearly sets forth the worthlessness of such proof. I held, in another case, that it was a contempt to prompt the witness, and advise her not to answer. *U. S. v. Anon.*, 21 Fed. Rep. 771. But the deposition here offered was not that written out by the party, and the witness seems, in speaking to the notary, to be less under the influence of the plaintiff, than when he speaks directly through him. * * *